**Continuing Abatement Order filed March 3, 2020.**



In The

# Fourteenth Court of Appeals
_____

## NO. 14-18-00220-CV
_____

### MEHMET OKUMUS AND SENOL OKUMUS, Appellant

### V.

### GARY J. MOUTON, Appellee

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-10370**

## CONTINUING ABATEMENT ORDER

On December 3, 2019, the official court reporter, Alexandra McDaniel, was ordered to file the exhibits from a trial held on July 6, 2017, within 10 days. *See* Tex. R. App. P. 34.6(d). The exhibits were not filed, and no extension of time to file the exhibits was requested. On December 19, 2019, this court again ordered the court reporter to file the exhibits within 10 days. That day, an extension of time was requested. It was granted until January 3, 2020.

On January 9, 2020, an incomplete supplemental reporter's record was filed. On January 14, 2020, the court reporter was ordered to file an additional supplemental reporter's record on or before January 15, 2020, containing Plaintiffs' Exhibits 5 through 8, 13, and 14, and Defense Exhibit 1. Our order of January 14, 2020 instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record was not filed with the court by the deadline.

Because the reporter's record had not been filed timely as ordered, we issued an abatement order on January 23, 2020, directing the judge of the 215th District Court to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel would participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record would be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We ordered the court to prepare a record, in the form of a reporter's record, of the hearing. The judge was required to make findings of fact and conclusions of law and order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record were required to be filed with the clerk of this court within 30 days of the date of the order. The appeal was abated, treated as a closed case, and removed from this court's active docket. The appeal would be reinstated on this court's active docket when the trial court's findings and recommendations were filed in this court. If the court reporter filed the record before the date set for the hearing, the appeal would be reinstated without a hearing.

The court reporter filed a supplemental record on February 18, 2020, which included Plaintiffs' Exhibits 5 through 8, 13, and 14 but omitted Defense Exhibit 1.

The court reporter also filed an email that she sent to "warren@wfmlawfirm.com" stating that there is no exhibit labeled "Defendant's Ex. 1." Along with the email, the court reporter filed a "Defendant's Amended Exhibit List" with the following description: "1. Defendant adopts all of Plaintiff's Exhibits which are properly admitted." The Defendant's Amended Exhibit List is not part of the clerk's record filed in this appeal, and it is unclear on the record where the list came from or who created it. Page 9 of the reporter's record of the trial held on July 6, 2017 indicates that the trial court admitted Defense Exhibits 1 through 9. Thus, a Defense Exhibit 1 was admitted at trial, barring some mistake. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c).

We direct the judge of the **215th District Court** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for the failure to file Defense Exhibit 1, (b) to establish a date certain when the reporter's record will be supplemented with Defense Exhibit 1 or with an explanation of what happened below and whether Defense Exhibit 1 exists, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is still abated, treated as a closed case, and off this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also

consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record before the date set for the hearing, the appeal will be reinstated, and the trial court need not hold a hearing.


PER CURIAM


Panel consists of Justices Christopher, Jewell and Bourliot.